UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CAUSE NO: |
| Respondent, | ) | 3:12-CR-70-001 |
| Vs. | ) | Civil Action No; |
| LONETT R. WILLIAMS | ) | 3:14cv55-LC-EMT |
| Movant. | ) | |
| | ) | |

MOVANT'S TRAVERSE TO GOVERNMENTS RESPONSE
TO MOTION UNDER TITLE 28 USC SECTION 2255

COMES NOW MOVANT LONETT R. WILLIAMS, and submits the following traverse to the government's response to her Section 2255 motion1. This Traverse includes and incorporates by reference the factual allegations, verified pursuant to 28 U SC § 1746, pursuant to 28 USC §1746, and the legal argument set forth in Ms. Williams Section 2255 motion.

## ISSUES PRESENTED

1.) MS. WILLIAMS HAS IN FACT AND LAW STATED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PLEA AND SENTENCING PROCESS

Movant Williams contends in her Section 2255 Motion that counsel rendered ineffective assistance of counsel based on her failure act as an advocate during the plea, and sentencing process. As a result his sentence is violative of the Sixth Amendment.

Movant Williams contends in her Section 2255 Motion that counsel rendered ineffective assistance of counsel based on her failure act as an advocate during the plea, and sentencing process. As a result her sentence is violative of the Sixth Amendment of the constitution.

---

1References to this response will hereinafter be "Govt. Resp." or counsel's resp. [page References to Ms. Williams Section 2255 motion will be denominated "Section 2255 Motion [page or paragraph]". Unless otherwise indicated, any references to paragraphs in the Section 2255 motion will refer to the numbered paragraphs of the "Statement of Claim" of the motion

*W M*

Movant submits that she was denied the constitutional right to effective assistance of counsel in the plea and sentencing process as hereinafter more fully appears. Movant further submits that his conviction and sentence is violative of her Sixth Amendment constitutional right to effective assistance of counsel in investigation of the facts regarding the consequences of entering a guilty plea as opposed to going to trial, negotiation of the plea, and preparation for sentencing and in the sentencing process as hereinafter more fully appears.

Counsel's omissions as set forth in this traverse were based on an incomplete investigation of the law, and sentencing guidelines relevant to Movant's plea, and sentencing processes.

The government also has responded to Movant's Section 2255 Motion but addresses the Movant's claims in principle but not in fact by mischaracterizing her allegations, the record, and the basis of her claim. There is sufficient reason to believe that there is "a reasonable probability" she would have received a lower term of imprisonment if she'd been competently advised during the plea process and adequately represented during the sentencing process.

### STATEMENT OF FACTS

Movant Williams generally agrees with the Statement of Facts and Course of Proceedings.

### ISSUE I

Ms. Williams restates, repleads, and realleges the facts, pleadings and allegations set forth herein

Ms. Williams contends that trial counsel rendered ineffective assistance of counsel based on her failure to: 1) properly challenge the leader/organizer enhancement, 2) allege that the government had not met its burden of proof for the leader/organizer enhancement. Raise the issue regarding the fact that the enhancements were not included in the plea agreement, not plead or admitted to and submitted to a jury for finding. As a result her sentence is violative of her Sixth Amendment constitutional right to effective assistance of counsel in the plea, and sentencing process as hereinafter more fully appears.

- 2

Ms. Williams conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in preparation of the sentencing and in the sentencing process as hereinafter more fully appears.

Counsel's omissions set forth in this traverse were based on an incomplete investigation of the law relevant to Ms. Williams's plea and sentencing process.

Counsel could have but did not investigate United States v.Maliszewski, 161 F 3d 992; 1998 US App LEXIS 30838 (6th Cir 1998) and authorities therein which hold that, in order to preserve objection to sentencing guideline errors , "contemporaneous" objection must be made. Williams herein raises again the claim regarding presenting the factors utilized to enhance her sentence as to her assessment of role as Organizer in the offense.

Counsel's omissions set forth in this traverse were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Ms. Williams during the sentencing process.

Counsel's omissions set forth in the record were the result of counsel's abdication of the duty and responsibility to advocate Ms. Williams's case and cause during the sentencing process.

## ISSUE II

## LOSS CALCULATIONS

Mortgage Loans involved secure, immovable real property, known to appreciate in value; even if a borrower were to default, the lender would still own the collateral; and, in such a situation, the sentencing guidelines provided clear direction, stating that, "[i]n a case involving collateral pledged or otherwise provided by the defendant", loss shall be reduced by "the fair market value of the collateral at the time of sentencing".
The Federal Sentencing Guidelines Manual to contend that "collateral pledged or otherwise provided by the defendant" was not to be interpreted as limiting credits to collateral for which the defendant himself is pledgor. The loan amount represented neither actual nor intended loss; the intended loss was zero; and, as such, an actual-loss calculation should be employed. Therefore, Movant maintained, the correct valuation would be to subtract the collateral amount from the value of the loans and hold the difference to be the actual loss. In the environment in which the offense occurred, most , if not all the loans were over-collateralized, the actual loss

would ultimately be only the broker fees and improper payments Movant received. The lender recovered the property through foreclosure.

The housing crash and other "extrinsic factors" that impacted on financial institution/mortgage companies losses, because, had the housing market been healthy, the foreclosed properties could have sold the properties at profit and covered the investors' loans. Reduction in loss calculation must include accountability for the impact of extrinsic factors such as the housing market at the time the properties were return to the owner/lender, Factors not within the Movant's control.

In a case involving collateral pledged or provided by defendant, the loss shall be reduced by the amount the victim has recovered at sentencing. More specifically, the guidelines provide that loss will be reduced by, "[i]n a case involving collateral pledged or otherwise provided by the defendant, the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing." Effective November 1, 2012, the Commission amended the guidelines to provide that in cases involving a mortgage loan where the property has not been disposed of by the time of sentencing, there is a rebuttable presumption that the most recent tax assessment value of the collateral is a reasonable estimate of fair market value. However, where the property has been disposed, the loss amount remains the difference between the unpaid principle balance and the subsequent sale price of the property.

We stated that, in determining the amount of the actual loss in cases involving fraudulently procured mortgage loans, sentencing courts should "examine each loan individually in order to determine the fair market value of the loan's collateral and whether it should be deducted." Goss, 549 F.3d at 1018.

The government's method of calculating loss, which involved subtracting the sale price after the mortgage company recovered the property from the amount of the loan. This was a common method of determining restitution in these types of cases.

The amount of the loss is a significant factor in determining the sentence. The economic loss or damage must be determined through the culmination of the loan transactions. Therefore, tracing is required from the inception of the loan through the ultimate sale of the property. The net assets need to be computed in the calculation of damage she chose to have an expert compute the actual loss, which is critical in a mortgage fraud case. The value of the homes that have been foreclosed must be

- 4 -

evaluated extensively to determine whether the bank/lender/investor is actually damaged by the amount they alleged. The Lenders are using the government to go after what it believes is the criminal that tricked them into the loan application process. In presenting their loss calculation to the government, they estimations involve complex and intricate accounting methods. Value at the time of the sale, the amount of the loan, value at foreclosure, of the property. They have at their disposal accountants and other financial experts to compile the figures presented to the courts.

The Defendant is placed in a position to rebut these figures relying on the assistance or advisement of Counsel. Counsel, did not possess these skills or knowledge of the intricacies and should have consulted experts, accountants and investigators to get the monetary loss down to a minimum. There were none of these called on behalf of the defendant to challenge or rebut the government's contentions of loss. Counsel did not move the court to appoint an expert on behalf of the defendant Williams.

Factors used in the computation were the principal amount of the loans, interest rates promised to the investor, time period from the purchase of the loan to the date of foreclosure, appraised values at time of loan and appraised values of each property after the foreclosure or what the properties ultimately realized. In some cases, there were actual gains to the investor in the foreclosures as property values had increased which more than offset any loss in interest or principal.

Restitution, Movant raised the issue of the amount of Restitution to counsel. She was admonished, why worry about it, she would not have to repay it. The Restitution alone is a collateral consequence of conviction that remains in the Movant's life and cripples any type of  throughout her lifetime. The issue of the amount is significant. MVRA, which says that when the return of property lost by a victim is impossible, the offender must pay the victim the value of the property less the value of "any part of the property that is returned." Justice Breyer found that "any part of the property" refers only to the specific property lost by a victim.

## ISSUE III
### WILLIAMS HAS IN FACT AND LAW STATED A PRIMA FACIE CASE OF WAS IMPROPER EHANCEMENTS

Ms. Williams restates, repleads, and realleges the facts, pleadings, and allegations set forth in herein.

Movant submits that the multiple enhancements utilized to boost her sentencing guideline level  were impermissible . Counsel could have but did not provide available and persuasive authority in support of argument against enhancement for role in the

offense which was four (4) points, obstruction of justice , two (2) points, sophisticated means rat sentencing.

Williams argues that the sentencing enhancements for being an Organizer Obstruction and Sophisticated Means were unconstitutional. She claims that because these enhancements relied on facts not alleged in the indictment, not submitted to a jury, and not proven beyond a reasonable doubt, the enhancements should be vacated.

In, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Apprendi v. New Jersey, 530 U.S. 466, 490 the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The question that Apprendi forces the Court to answer is whether "the required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict?" Id. at 494, 120 S.Ct. 2348. Ms. Williams had no previous training or education in any aspect of Mortgage Brokerage, nothing to evidence tha she utilized a computer or had the technical knowledge. How her involvement mandated the Organizer role and Sophisticated means over the licensed professionals involved in the offense.

In general, the government bears the burden of proving, by a preponderance of evidence, the facts necessary to enhance a defendant's offense level under the Sentencing Guidelines. See United States v. Burnett, 16 F.3d 358, 361 (9th Cir.1994).

However, when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, due process requires that the government prove the facts underlying the enhancement by clear and convincing evidence. See United States v. Jordan, 256 F.3d 922, 926 (9th Cir.2001).

Counsel could have but did not provide available and persuasive authority in support of argument against enhancement for role in the offense on direct appeal

Counsel's omissions set forth in  the record were based on an incomplete investigation of the law relevant to Ms. Williams's sentencing process. She could have, but failed to investigate relevant case law relevant to Real Property/Mortgages.

Counsel's omissions set forth were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Ms. Williams during the plea and sentencing process.

Counsel's omissions were the result of counsel's abdication of the duty and responsibility to advocate Ms. Williams's case and cause during the sentencing and direct appeal process.

Ms. Williams was prejudiced from the unprofessional omissions of counsel, as set forth in  because, absent said omissions, there is a reasonable probability that the outcome of her sentencing would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that either the District Court would have granted objection to the role in the offense enhancement or the Court of Appeals would have granted the appeal of the denial of the objection and Ms. Williams would have been subject to a lesser sentencing exposure.

Ms. Williams was prejudiced from the unprofessional omissions of counsel, set forth in this travers because said omissions undermine confidence in the reliability of her plea and sentencing process.

Procedural Default

The Government responds at p. 17, 2 absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a § 2255 motion unless a defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, The reason for not raising the issue on direct appeal, Counsel did not advise the Movant that this would be to venue to raise the issues that she felt needed to be treated further, she was not advised, thus did not file a direct appeal.

The Government Res. at 2 , that "As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review" Movant responds that as the professional and advocate, Counsel should have adviser her that she could and should appeal, any issues outstanding.

If there were claims raised, objections which raised which could and should have been raised in a direct Appeal, Counsel as an advisor, should have raised them on An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal.

---

2. The defendant's third ground concerns the District Court's application of sentencing guideline enhancements, which the defendant did not raise on direct appeal. (Doc. 100, pg. 4). Therefore, this ground is barred by procedural default. The defendant's fourth ground concerns reasonableness of the District Court's sentence, but the defendant has also couched it as an ineffectiveness of counsel claim.(Doc. 100, pgs. 4 & 16). Because this ground was not raised on direct appeal, it too is barred,

Ms. Williams asserts that she was prejudiced from the unprofessional omissions of counsel, set forth in the record, because, absent said omissions, there is a reasonable probability that the outcome of sentencing process would have been different.

Counsel could have but did not provide available and persuasive authority in support of argument against enhancement for role in the offense at sentencing.

Williams argues that the sentencing enhancements for being an Organizer Obstruction and Sophisticated Means were unconstitutional. She claims that because these enhancements relied on facts not alleged in the indictment, not submitted to a jury, and not proven beyond a reasonable doubt, the enhancements should be vacated.

In, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The question that <u>Apprendi</u> forces the Court to answer is whether "the required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494, 120 S.Ct. 2348.

In general, the government bears the burden of proving, by a preponderance of evidence, the facts necessary to enhance a defendant's offense level under the Sentencing Guidelines. See <u>United States v. Burnett</u>, 16 F.3d 358, 361 (9th Cir.1994).

However, when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, due process requires that the government prove the facts underlying the enhancement by clear and convincing evidence. See <u>United States v. Jordan</u>, 256 F.3d 922, 926 (9th Cir.2001).

Counsel could have but did not provide available and persuasive authority in support of argument against enhancement for role in the offense on direct appeal

Counsel's omissions set forth in the record were based on an incomplete investigation of the law relevant to Ms. Williams's sentencing process. She could have, but failed to investigate relevant case law relevant to

- 8 -

Counsel's omissions set forth were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of Ms. . Williams__ during the sentencing and direct appeal process.

Counsel's omissions set forth in 7-12 were the result of counsel's abdication of the duty and responsibility to advocate Ms. Williams's case and cause during the sentencing and direct appeal process.

Ms. Williams was prejudiced from the unprofessional omissions of counsel, as set forth in   because, absent said omissions, there is a reasonable probability that the outcome of her sentencing would have been different. More specifically, but for counsel's unprofessional omissions there is a reasonable probability that either the District Court would have granted objection to the role in the offense enhancement or the Court of Appeals would have granted the appeal of the denial of the objection and Ms.. Williams would have been subject to a lesser sentencing exposure.

Ms. Williams was prejudiced from the unprofessional omissions of counsel, set forth in this travers because said omissions undermine confidence in the reliability of her plea and sentencing process.

Based on all of the foregoing, this Court should find that Ms. Williams has in fact and law stated a prima facie claim of ineffective assistance of counsel in the plea, and sentencing process.

## MATERIAL FACTUAL DISPUTES EXIST IN THIS CASE WHICH MANDATE THE COURT TO GRANT AN EVIDENTIARY HEARING

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence This section also provides as follows:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.."

Ms. Williams has demonstrated that the government does not rebut all material allegations of his claims To the extent, however, that the factual allegations of Ms.. Williams statements have been rebutted by extra-record material, this mandates further factual development in the form of either discovery or an evidentiary hearing as set forth in the 28 U.S C. § 2255, Rule 4 of the Rules Governing Section 2255 Proceedings, and the case law cited above Ms.. Williams has requested an evidentiary hearing to resolve extra-record material factual issues as part of his original Section 2255 motion She also requested leave of the Court to conduct discovery and has renewed that request by motion included with this traverse.

The extra-record facts have now been put in issue by the government's response to Ms.. Williams Section 2255 motion and Ms. Williams has enumerated the disputed issues of material fact in this traverse. The disputed issues cannot be determined from either the files and records of this case or from the Court's recollection of events because they occurred outside the courtroom and outside the presence of the Court Since both the plain language of 28 US C §2255 and case law construing this section mandate that the material factual disputes be resolved as part of the Court's determination of the Section 2255 motion, the Court should either grant an evidentiary hearing on the basis of the present record or grant Ms.. Williams leave to employ the processes of discovery.

## CONCLUSION

Based on all of the foregoing, Movant. Williams respectfully asks this Honorable Court to:

A)   FIND that the government opposition to his Section 2255 motion is not well taken; and,

B)   ORDER an evidentiary hearing as set forth and requested in her Section 2255 motion so that she can further substantiate her issues raised under this 2255 motion.

Dated this 11 day of July, 2014.

LONETT R. WILLIAMS,

- 10

Lonett R. Williams
Movant, pro se
Fed. Reg. No: 21707-017
FCI Victorville Medium II
Satellite Camp
P.O. Box 5300
Adelanto, CA. 92301

## CERTIFICATE OF SERVICE

Cause No: 3:14-CV-00055-LC
Civil Action No: 3:12-cr-00070

I, LONETT R. WILLIAMS, Movant in the foregoing action hereby state on July 11, 2014, that I have caused to be served a true and correct copy of the following;

MOVANT'S REPLY TO GOVERNMENTS REPONSE

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack 101 L.Ed. 2d 245 (1988), upon the court and parties to litigation and their attorneys of record, by placing same in a sealed, prepaid envelope with sufficient postage attached thereto to carry same to its destination, addressed to:

TIFFANY HOPE EGGERS
US ATTORNEY - PENSACOLA FL
NORTHERN DISTRICT OF FLORIDA
21 E GARDEN ST
STE 400
PENSACOLA, FL 32502-5675

and deposited at the Legal Mail at the Satellite Camp- Victorville Medium II P.O. BOX 5100 ADELANTO, CA 92301. I have read the foregoing and state the facts under personal knowledge are true and correct. Executed this 11TH day of July, 2014, under penalty of perjury pursuant to Title 28 U.S.C. Section 1746.

LONETT R. WILLIAMS

Lonett R. Williams
Movant, pro se
Fed. Reg. No: 21707-017
FCI Victorville Medium II
Satellite Camp
P.O. Box 5300
Adelanto, CA. 92301

- 7